**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| KATHRYN BLAIR, Individually and | ) | |
| Administrator of Michael K. Wright, | ) | |
| Deceased, et al., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0127-M |
| | ) | |
| ALFONSO CARDENAS, M.D., et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a fee paid civil action brought pursuant to 28 U.S.C. § 1331 and 1367(a), alleging civil rights violations under 42 U.S.C. § 1983 and state law negligence claims.

Parties: Plaintiffs are Kathryn Blair, individually and on behalf of the Estate of Michael K. Wright ("Wright"), deceased, and Hal Wright, individually.

Defendants are Dr. Alfonso Cardenas, the Mesquite Community Hospital, Security Officer Don Conn, the Mesquite Police Department, the City of Mesquite, AEP-EMCARE Medical Group, Inc., Nurse G. Kelly, and Police Officers R.D. Parker, Shea Turner, Allan Gafford, Breat Bailey, Roye Long, and Jane/John Doe Police Officer. (Second Amended Complaint ("Sec. Amd. Compl.") at 1-4).[1]

---

[1] On August 1, 2008, the magistrate judge filed findings and conclusions, recommending that Dr. Cardenas be dismissed without prejudice under Fed. R. Civ. P. 4(m). On

Statement of Facts: On January 26, 2006, Wright arrived by ambulance at the Emergency Room of the Mesquite Community Hospital, with complaints of intoxication and drug overdose. Wright's condition was assessed, his blood alcohol level and overdose were tested, and he was admitted to room. Upon discovering that Wright was smoking in his bed, Dr. Alfonso Cardenas discharged Wright from the hospital and released him to Defendant Conn, a security officer at the hospital, who in turn called the Mesquite Police Department. When the police officers arrived, Conn informed them that Wright had been released from the hospital, and that he needed to leave the premises or be arrested. The police officers refused to arrest Wright. (Sec. Amd. Compl. at 6-7).

After a brief time, Wright returned to the Emergency Room of the Mesquite Community Hospital, where he was once again turned away. The Mesquite Police Department was contacted a second time; the police officers once again refused to arrest Wright and instructed him to leave the premises despite his allegedly intoxicated state. Shortly thereafter, Wright was struck by a tractor trailer while he attempted to cross the highway. His autopsy revealed that he had a blood alcohol level of .35% –.37%. (Sec. Amd. Compl. at 7).

Plaintiffs allege that Defendants had a duty to protect and ensure the safety of Wright and that they failed to do so. Specifically, they contend that Defendants had a duty to provide medical care in a timely fashion and make sure that Wright did not harm himself or others. Plaintiffs further allege state law negligence claims against Dr. Cardenas, the Mesquite Community Hospital, and Nurse Kelly. They request monetary relief. (Sec. Amd. Compl. at 7-

---

the same day, the magistrate judge ordered Plaintiffs to show cause why the complaint should not be dismissed for failure to serve process as to Defendants AEP-EMCARE Medical Group and Registered Nurse G. Kelly. Plaintiffs filed their objections to the magistrate judge's findings on August 11, 2008.

15).

On February 15 and 20, 2008, Defendants Mesquite Police Department, the City of Mesquite, and Officer R.D. Parker filed motions for protective order and to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 4, 6, 8 and 10). Plaintiffs filed their responses on April 7 and 8, 2008, along with a motion for leave to amend the complaint, which the court subsequently granted. On May 23, 2008, after the filing of Plaintiffs' Second Amended Complaint, Defendants Mesquite Police Department and the City of Mesquite submitted their second motions to dismiss, reiterating the arguments previously raised. (Doc. #37 and 38). Mesquite Community Hospital filed its motion to dismiss on June 13, 2008. (Doc. #42). Plaintiffs has not responded to the last three motions to dismiss.

<u>Findings and Conclusions</u>: A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Recently in *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007)*,* the Supreme Court made clear that the *Conley* rule is not "the minimum standard of adequate pleading to govern a complaint's survival." 127 S.Ct. at 1968-69; *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1230 (2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).

The Mesquite Police Department has moved to dismiss on the ground that it is a not a

3

suable entity. The U.S. Court of Appeals for the Fifth Circuit has held that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). In *Darby*, the Fifth Circuit concluded that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.*

Plaintiffs' Second Amended complaint fails to plead whether the Mesquite Police Department has ever been granted the capacity to sue or be sued. Nor does Plaintiffs' response to the motion to dismiss address the argument that the Mesquite Police Department is not a suable entity. Plaintiffs cannot state a claim for relief that is plausible on its face against the Mesquite Police Department. Accordingly, the Mesquite Police Department's motion to dismiss should be granted.

Plaintiffs predicate their claims against the City of Mesquite and the Mesquite police officers on the state-created danger theory of liability under the Due Process Clause. (Sec. Amd. Compl. at ¶¶ 6.18- 6.29). To establish liability under the state-created danger theory, "a plaintiff must show the defendants used their authority to create a dangerous environment for the plaintiff and that the defendants acted with deliberate indifference to the plight of the plaintiff." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 537-78 (5th Cir. 2003).

In his motion to dismiss, Officer Parker invokes the defense of qualified immunity, which shields state officials from suit "'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McClendon v. City of Columbia,* 305 F.3d 314, 322 (5th Cir. 2002) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)).

To determine whether an official is entitled to qualified immunity from a suit alleging a constitutional violation, the court conducts a familiar two-step inquiry: First the court determines whether plaintiff's allegations allege facts to establish that the official violated the plaintiff's constitutional rights. *Hope v. Pelzer,* 536 U.S. 730, 736, 122 S. Ct. 2508, 2513 (2002). Whether the facts establish a violation of a constitutional right is determined with reference to current law. *See Atteberry v. Nocona Gen. Hosp.,* 430 F.3d 245, 253 (5th Cir. 2005); *McClendon,* 305 F.3d at 323. Second, the court determines whether the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the state action at issue. *See McClendon,* 305 F.3d at 323.

At the time of the conduct in question -- January 26, 2006 -- it is not arguable that the state-created danger theory of liability had been adopted within the Fifth Circuit, let alone that it was clearly established. As recently as July 2007, the Fifth Circuit withdrew the portion of its decision in *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331-38 (5th Cir. 2007), which recognized the theory in the case of the Aggie bonfire disaster in November 1999. *Breen v. Texas A&M Univ.*, 494 F.3d 516, 518 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 377 (2007). Prior to *Breen*, the Fifth Circuit had long resisted adopting the state-created danger theory of liability. *See Longoria v. Texas*, 473 F.3d 586, 593 (5th Cir. 2006) (explicitly rejecting the state-created danger theory of liability); *Rios v. City of Del Rio*, 444 F.3d 417, 424 (5th Cir. 2006) (explaining that the Fifth Circuit has never explicitly adopted the state-created danger theory and rejecting application of the theory in absence of a known victim); *Beltran v. City of El Paso*, 367 F.3d 299, 307 (5th Cir. 2004) (reiterating that the Fifth Circuit has consistently refused to recognize the state-created danger theory even where the question of the theory's viability has been squarely presented); *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 249 (5th Cir. 2003) (same). Moreover

following *Breen*, two courts have concluded that the Fifth Circuit has thus far refused to recognize this theory of liability. *See Farr v. Rodriguez*, 255 Fed. Appx. 925, *3 (5th Cir. Dec. 5, 2007) (unpublished per curiam) (restating that the Fifth Circuit has refused to recognize the state-created danger theory of liability); *Skeen v. Comal Indep. Sch. Dist*, 2008 WL 1930306, No. SA-07-CV-0987-OG (W.D. Tex. Apr. 29, 2008) (same).

In light of the Fifth Circuit's reluctance to adopt the state-created danger theory of liability, the court concludes that Officer Parker's conduct did not violate a clearly established constitutional right and, as a result, he is entitled to qualified immunity. Accordingly, Officer Parker's motion to dismiss for failure to state a claim should be granted.

Likewise any claims against the City of Mesquite, which are based on the same due process claim under the state-created danger theory of liability, should be dismissed. Plaintiffs cannot state a claim for relief that is plausible on its face against the City of Mesquite. Even assuming the city acted pursuant to a policy or custom, its conduct could not have violated Plaintiff's due process rights for the reasons previously stated. *See Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403-404 (1997) (to prevail on a § 1983 claim against a municipality, the plaintiff must demonstrate that the city or county acted pursuant to a policy or custom that was the cause of an alleged deprivation of rights protected by the Constitution); *City of Canton v. Harris,* 489 U.S. 378, 385 (1989) (same). Therefore, the City of Mesquite's motion to dismiss should be granted.

Plaintiffs' remaining § 1983 claims against Police Officers Turner, Gafford, Bailey, Long, and the unidentified officer are also predicated on the state-created danger theory of liability. (Sec. Amd. Compl. at ¶ 6.18). Although none of these defendants has been served or appeared in this case, it is abundantly clear that Plaintiffs cannot state a claim upon which relief

6

can be granted against the Defendants police officers named in the Second Amended Complaint for the first time. As noted above, the state-created danger theory of liability does not state a constitutional due process claim within the Fifth Circuit. Therefore, Plaintiffs' claims against Officers Turner, Gafford, Bailey, Long, and the unidentified police officer should be dismissed *sua sponte* for failure to state a claim.[2]

Having dismissed all claims over which federal jurisdiction is based, the court must decide whether it should continue to exercise supplemental jurisdiction over Plaintiffs' state law claims. 28 U.S.C. § 1367(c) states that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

> (1) a claim raises a novel or complex issue of state law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Since all federal claims have been dismissed, the District Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims under § 1367(c)(3). *See Priester v. Lowndes County,* 354 F.3d 414, 425 (5th Cir. 2004) (when all federal claims have been resolved, the district court can exercise its discretion to dismiss state law claims for lack of supplemental jurisdiction); *Batiste v. Island Records, Inc.,* 179 F.3d 217, 226-27 (5th Cir. 1999) (district court was within its discretion in declining to exercise supplemental jurisdiction over state claims,

---

[2] While a district court can make a Rule 12(b)(6) ruling *sua sponte*, it usually must give the opposing party notice and an opportunity to respond. *See Lozano v. Ocwen Federal Bank*, 489 F.3d 636, 642-643 (5th Cir. 2007); *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). Plaintiffs will have an opportunity to respond to this recommendation during the ten-day objection period. *See* Notice *infra*. Moreover, Plaintiffs are well familiar with the state-created danger theory of liability. (*See* Plaintiffs' Response at 3-9 to R.D. Parker's motion to dismiss, filed April 8, 2008).

where court had dismissed federal claims). Accordingly, Plaintiffs' state law claims should be dismissed without prejudice to being refiled in state court.

A federal court's refusal to exercise supplemental jurisdiction over state law claims is construed as a dismissal for lack of jurisdiction pursuant to the Texas saving statute, which is designed to protect litigants from the running of the statute of limitations in certain circumstances. Tex. Civ. Prac. & Rem. Code Ann. § 16.064(a); *see Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.--Austin 1991, no writ); *see also Ruiz v. Austin Ind. School Dist.,* 2004 WL 1171666 (Tex.App.Austin 2004, no pet.) (reaffirming view in *Vale*); *Reynolds v. TDFPS*, 2007 WL 3283163, *6 (W.D. Tex. 2007) (federal courts applying § 16.064(a) have reached the same conclusion as in *Vale*). Plaintiff will have 60 days, from the date this recommendation is accepted, to refile their negligence claims in state court. Tex. Civ. Prac. & Rem. Code Ann. § 16.064(a)(2).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the motions to dismiss for failure to state a claim of the Mesquite Police Department, the City of Mesquite and Officer R.D. Parker (Doc. #4, 6, 8, and 37-38) be GRANTED, that Plaintiffs' claims against Mesquite Police Officers Turner, Gafford, Bailey, Long, and the unidentified police officer be DISMISSED *sua sponte* for failure to state a claim, and that Plaintiffs' state law claims against the Mesquite Community Hospital, Security Officer Ron Con, AEP-EMCARE Medical Group, and Nurse Kelly be DISMISSED without prejudice to being refiled in state court.

It is further recommended that Defendants' motion for protective order (Docket #10) and the Mesquite Community Hospital's motion to dismiss (#42) be DENIED as moot, and that the referral of this case for pre-trial management be TERMED.

A copy of this recommendation will be transmitted to counsel for Plaintiffs and counsel for Defendants.

Signed this 12th day of August, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.